854 F.2d 301
 109 Lab.Cas. P 55,931
 James R. COOPER, Appellee,
v.
Philip PETRAY, Individually and in his official capacity as
Mayor of the City of Beebe and Harold Armstrong,
Individually and in his official capacity as Chief of Police
of the City of Beebe, Arkansas, Appellants,
City of Beebe, Arkansas.
 No. 88-1344.
 United States Court of Appeals,
Eighth Circuit.
 Submitted June 14, 1988.
Decided Aug. 16, 1988.
 
 Winston Bryant, North Little Rock, Ark., for appellants.
 Robert A. Newcomb, Little Rock, Ark., for appellee.
 Before McMILLIAN, JOHN R. GIBSON and MAGILL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Harold Armstrong, Chief of Police of Beebe, Arkansas, and Philip Petray, Mayor of Beebe, appeal from the district court's[1] order denying their motion for summary judgment on the ground of qualified immunity in James R. Cooper's 42 U.S.C. Sec. 1983 suit against them arising out of his discharge as a police officer. We affirm.
 
 
 2
 In October 1986 Cooper became aware of items missing from the evidence room at the Beebe Police Department and contacted the Arkansas State Police. A state police investigation of Armstrong ensued which Petray learned of in late January or early February 1987. On February 23, 1987, Petray terminated Cooper's employment with the City of Beebe, citing various job performance deficiencies (such as not issuing traffic citations for long periods of time), and an incident that had occurred on February 9, 1987, as the precipitating incident for the discharge.[2]
 
 
 3
 Cooper filed suit alleging the violation of his first amendment right of free speech by Petray and Armstrong for terminating his employment in retaliation for his report of suspected criminal conduct to the Arkansas State Police.[3] Cooper sued Petray and Armstrong individually and in their official capacities, and the City of Beebe. Petray and Armstrong, individually, moved for summary judgment asserting qualified immunity.[4] In support of the motion Petray attested by affidavit that Cooper, as all city employees, was an employee at will who could be terminated at any time for any reason, and that Cooper was terminated for the reasons set forth in the termination letter. Petray further attested that Armstrong did not recommend that Cooper be terminated. Moreover, Petray attested that he believed the termination was lawful. Armstrong attested that he was displeased with Cooper's work, but had nothing to do with the termination.
 
 
 4
 In opposition, Cooper offered his own affidavit in which he attested that in January 1987 Petray had approved a pay increase for him, and the affidavit of Arkansas State Police criminal investigator J.R. Howard. Howard attested that pursuant to Cooper's information, he had investigated Armstrong and found Cooper's information to be correct. He further attested that when Armstrong learned that some of the information against him came from Cooper, Armstrong said "Cooper would be out of his job," and that when Petray was given the investigative file concerning Armstrong he called Cooper a "thug" or "punk" and left Howard with the impression that Petray planned to fire Cooper and not discipline Armstrong. Cooper also submitted answers to interrogatories from Armstrong and Petray admitting their discussion of Cooper's termination. Armstrong also stated in his answers that he recommended Cooper's termination.
 
 
 5
 Cooper was granted leave to amend his complaint to allege a conspiracy between Petray and Armstrong. On February 23, 1988, the court denied Petray and Armstrong's motion for summary judgment, concluding that there were factual issues raised regarding the extent of Armstrong's involvement in the decision to terminate Cooper, as well as the reasonableness of Petray's belief that the termination was lawful. This timely appeal followed. Petray and Armstrong reassert their argument that they are entitled to qualified immunity based on their objective good faith, reasonable belief that the termination was lawful, and the existence of cause to terminate Cooper. We disagree.
 
 
 6
 The denial of summary judgment based upon a claim of qualified immunity is an appealable interlocutory decision. Mitchell v. Forsyth, 472 U.S. 511, 530, 105 S.Ct. 2806, 2817, 86 L.Ed.2d 411 (1985). In order to determine whether qualified immunity is applicable to state officials, the court looks to their conduct. "[O]fficials performing discretionary functions are entitled to qualified immunity from suit as long as their conduct does not violate 'clearly established statutory or constitutional rights of which a reasonable person would have known.' " Craft v. Wipf, 836 F.2d 412, 415 (8th Cir.1987) (quoting Tubbesing v. Arnold, 742 F.2d 401, 405 (8th Cir.1984)). "If the law was clearly established, the immunity defense ordinarily should fail." Harlow v. Fitzgerald, 457 U.S. 800, 818-19, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982).
 
 
 7
 In Wright v. South Arkansas Regional Health Center, Inc., 800 F.2d 199, 203 (8th Cir.1986), wherein the plaintiff alleged he was discharged for reporting irregularities to federal authorities, this court stated "there is no doubt that the right to be free from official retaliation for the exercise of First Amendment rights has been clear all along." As the court there explained,
 
 
 8
 [T]he issue is not whether defendant was improperly motivated in fact, but, rather, whether when all the facts are viewed in the light most favorable to plaintiff, there is any genuine issue, triable to a jury, of improper motivation. Id.
 
 
 9
 Giving Cooper the benefit of all reasonable inferences to be drawn from the record, see Fed.R.Civ.P. 56(c), we believe that, the district court correctly concluded that genuine issues of material fact do exist as to Petray and Armstrong's entitlement to qualified immunity. Accordingly, we affirm the order of the district court.
 
 
 
 [1]
 The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas
 
 
 [2]
 The February 9, 1987, incident as reported by a woman who filed a complaint report on February 10, 1987, allegedly involved Cooper and another police officer taking the complainant by force to city hall and keeping her there for one hour without cause or explanation
 
 
 [3]
 Cooper also alleged a violation of his due process rights as a result of the lack of a pretermination hearing. This claim was dismissed without prejudice at Cooper's request
 
 
 [4]
 Thereafter, appellants' motion to amend their answer to assert the defense of qualified immunity was granted